UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ROBERT BARD,

                                    Plaintiff,

               - against -

OMABUILD CORPORATION AND SIXTY
HOSPITALITY LLC

                                  Defendants.

-----------------------------------------------------------------X

Docket No. 1:25-cv-02364
(JGK) (SDA)

**RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER**

       Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties to this case, by and through their respective counsel, jointly submit this Rule 26(f) Report and Proposed Scheduling Order:

    A.    **Pre-Discovery Disclosures**

       The parties will exchange by August 15, 2025, the information required by Fed. R. Civ. P. 26(a)(1); supplementations under Rule 26(e) are due as required by Rule 26(e).

    B.    **Discovery Plan**

The parties jointly propose to the Court the following discovery plan:

a.   Discovery will be needed on the following subjects:

(1) Plaintiff's allegations regarding all legal claims alleged in the Complaint;
(2) The alleged damages sought by Plaintiff including production of medical records, authorizations therefor, and an independent medical examination;
(3) The design, construction and alteration of defendants' place of public accommodation since 1992;
(4) Defendant's alleged affirmative defenses as set forth in the Answers and any other defenses that may become applicable during discovery;
(5) all other issues raised by the pleadings;
(6) any expert disclosures; and
(7) all other matters that will reasonably lead to the discovery of admissible evidence.

    b.   The proposed date for completion of all discovery (fact and expert) is: January 30, 2026.
       The parties agree that expert discovery may run concurrently with fact discovery.

    c.   The parties are to conduct discovery in accordance with the Federal Rules of Civil

Procedure and the Local Rules of the Southern and Eastern Districts of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties are certain that they can still meet the discovery completion date ordered by the Court.

   a. Initial requests for production of documents to be served by: September 5, 2025.

   b. Interrogatories to be served by all parties by: September 5, 2025.

   c. Depositions to be completed by: December 1, 2025.

      i. Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.
      ii. Depositions of all parties shall proceed during the same time.
      iii. Unless the parties agree or the Court so orders, non-party depositions shall follow party depositions when possible.

C. **ELECTRONICALLY STORED INFORMATION**

The parties have discussed certain anticipated issues relating to the disclosure or discovery of electronically stored information and report to the Court the following:

a. <u>Relevant information</u>:

At this point, the parties are not aware of the full extent of relevant information that may be stored electronically, but have identified the following potential sources of electronically stored evidence that may be relevant to a claim or defense at issue:

Documents and other records stored by Plaintiff on his personal computer or other electronic devices otherwise relating or pertaining to the defendants' public accommodation and Plaintiff's claims herein;

Documents and other records stored by Defendant on Defendant's computers or otherwise relating or pertaining to the defendants' public accommodation at issue;

Electronic mail (including all electronic attachments) sent to and/or from the Defendant regarding the design, construction, and alteration of the defendants' place of public accommodation at issue since 1992;

Any electronically stored information regarding the design, construction, and alteration of

158568504.1   2

the defendants' place of public accommodation since 1992; and

Any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of FRCP 26 for discovery purposes.

b. Form of production/preservation:

The parties agree that the aforementioned discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable and readable. To the extent any ESI is preserved only in printed form, such ESI may be produced in pdf format. Electronically stored information (ESI) may be produced on CD ROM (or other digital means) and the parties are under no obligations to provide paper copies unless the requesting party agrees to tender payment for such copies at a rate of $.10 per page. The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but the parties agree that the parties will not be required to deviate from their normal records retention policies (as long as their records retention policies are not in violation of state or federal regulations or in violation of any party's obligations to preserve evidence) with respect to electronically stored information or other records which have not been previously identified by the parties as relevant to this action.

D. **CONFIDENTIAL AND PROPRIETARY INFORMATION**

The parties have discussed certain issues relating to the disclosure of documents and information which may be confidential and proprietary information and agree to enter into a stipulation and consent protective order should either party deem documents and information as confidential and/or proprietary information.

E. **CHANGES TO BE MADE IN THE LIMITATIONS**

At this point in time, the parties are unaware of any needed changes to the limitations on discovery imposed under these rules or by local rules.

F. **ANY OTHER ORDERS**

At this point in time, the parties are unaware of any other orders that the Court should issue under Rule 26 (C) or under Rule 16 (b) and (c).

Dated: June 18, 2025
      New York, New York

**SO ORDERED:**

_/s/ John G. Koeltl_
**JOHN G. KOELTL, U.S.D.J.**

6/19/25

Time for dispositive is no later than February 20, 2026. Time to file the Pre-Trial Order is March 13, 2026 or 21 days after decision of any dispositive motion. Ready Trial, 48 hours notice, 21 days after filing the Joint Pre-Trial Order.

So Ordered

_/s/ John G. Koeltl_
U.S.D.J.
6/19/25

158568504.1   4