UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ROBERT BARD,

               Plaintiff,

    -against-

OMABUILD CORPORATION AND SIXTY HOSPITALITY LLC,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Docket: 1:25-cv-02364 (JGK) (SDA)**

**CONFIDENTIALITY STIPULATION AND PROPOSED <u>PROTECTIVE ORDER</u>**

IT IS HEREBY STIPULATED AND AGREED by and among counsel for the respective parties in this action as follows:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this litigation, it is therefore hereby

ORDERED that any person subject to this Confidentiality Stipulation and Proposed Protective Order ("Order"), including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in discovery in the course of this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2. The person producing any given Discovery Material may designate as

"Confidential" such portion(s) of Discovery Material that contains medical information, non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or which, in the good faith opinion of the producing person, warrants such a designation pursuant to the Federal Rules of Civil Procedure and interpretive case law.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. All Deposition testimony and Deposition transcripts shall be presumptively treated as Confidential and subject to this Stipulation and Order.

4. At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential by informing all parties in writing that the Discovery Materials should be treated as Confidential under this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

   a) the parties to this action;
   b) counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;
   c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;
   d) any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this

Order;

e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non- Disclosure Agreement in the form attached to this Order;

f) stenographers engaged to transcribe depositions conducted in this action; and

g) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5.d. or 5.e. above, such person shall be provided by counsel with a copy of this Order and shall sign a Non- Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal in the manner provided by the Court's Electronic Case Filing Rules and Instructions. The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal.

8. Irrespective of any designation as Confidential, Confidential Discovery Material does not include information which is (i) in the public domain, (ii) available on a non-confidential basis or, (iii) becomes available on a non-confidential basis from a source other than the persons subject to this Order, provided that such source is not known by the receiving party to be bound by any duty to the designating party to keep such information confidential.

9. Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the parties cannot reach a prompt

agreement respecting the objection, the parties may seek a ruling from the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

13. This Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential," including copies, shall either be returned promptly to the producing person, or destroyed. Notwithstanding the foregoing, any and all:

i) electronic versions of Discovery Material designated as "Confidential," shall be destroyed by the non-designating/receiving party; and

ii) deposition transcripts memorializing the adverse party's deposition(s), including those designated as "Confidential" and those not designated as "Confidential" shall be destroyed by each adverse party.

14.     This Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence.   The production or disclosure of Confidential Information shall in no way constitute a waiver of any party's right to object to the production or disclosure of information or documents in this action.  Nothing herein shall be deemed to waive any privilege or shall be deemed an admission as to the admissibility in evidence of any facts or documents.  There are no intended beneficiaries of this Stipulation and Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

15.     Nothing in this Order shall preclude a party offering information subject to this Order into evidence or from using any such information in the course of examining or cross-examining any witness at the trial of this action, in support or in opposition to a dispositive motion, or during a deposition conducted in this action.

16.     This Confidentiality Stipulation shall be, and is hereby, adopted by the undersigned attorneys, with or without Court signature, as an order of this Court, as though it were submitted to the Court for signature, which shall be effective as of the date hereof.

Dated: August 11, 2025
       New York, New York

**THE PARKER LAW GROUP P.C.**

By: _____
Glen Parker, Esq.
Attorneys for Plaintiff
28 Valley Road, Suite 1
Montclair, New Jersey 07042
(347) 292-3042
ghp@parkerlawusa.com

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: _____
Peter T. Shapiro, Esq.
Attorneys for Defendant
Sixty Hospitality LLC
7 World Trade Center, 11th Floor,
New York, New York 10007
(212) 232-1300
Peter.Shapiro@lewisbrisbois.com

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

By: _____
    Stephen J. Barrett, Esq.
    Attorneys for Defendant
    Omabuild Corporation
    150 East 42nd Street
    New York, New York 10017
    (212) 490-3000
    (212) 490-3038 (fax)
    Stephen.Barrett@wilsonelser.com

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time. **SO ORDERED.**

Dated:   **August 13, 2025**     /s/ John G. Koeltl
         **New York, New York**  John G. Koeltl, U.S.D.J.

**SO ORDERED**: /s/ John G. Koeltl
                **JOHN G. KOELTL, U.S.D.J.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

ROBERT BARD,

        Plaintiff,

   -against-

OMABUILD CORPORATION AND SIXTY
HOSPITALITY LLC

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

1:25-cv-02364 (JGK) (SDA)

**NON-DISCLOSURE**
**AGREEMENT**

    I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Proposed Protective Order in this action (the "**Order**"). I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____          _____